16 P.3d 207

**TAXPAYER PROTECTION ALLIANCE, an unincorporated association; Richard Mahoney, Chairman; Jeffrey Singer, Treasurer; and Lori Klein, Appellants,**

v.

**ARIZONANS AGAINST UNFAIR TAX SCHEMES, an unincorporated association; Billy E. Shields; Kevin McCarthy; and Jacque Steiner, Plaintiffs/Appellees,**

v.

**Betsey Bayless, Secretary of State of Arizona, Defendant/Appellee.**

**No. CV–00–0300–AP/EL.**

Supreme Court of Arizona,
En Banc.

Jan. 10, 2001.

Norton Frickey, P.C. by Robert B. Carey, Phoenix, Attorneys for Taxpayer Protection

Alliance, Richard Mahoney, Chairman; Jeffery Singer, Treasurer; and Lori Klein.

Lewis and Roca LLP by John P. Frank and Richard A. Halloran and Randal T. Evans, Phoenix, Attorneys for Arizonans Against Unfair Tax Schemes, Billy E. Shields, Kevin McCarthy, and Jacque Steiner.

Janet Napolitano, The Attorney General by Thomas I. McClory, Assistant Attorney General by Mark Wilson, Assistant Attorney General, Phoenix, Attoneys for Betsy Bayless, Secretary of State.

Janet Napolitano, The Attorney General by Scott Bales, Solicitor General, Phoenix, Amicus Curiae.

## OPINION

McGREGOR, Justice.

¶ 1 Appellants bring this appeal from the superior court's order removing Proposition 107, a citizen-proposed initiative, from the ballot because the proposition failed to conform to the single-subject requirement of Article XXI of the Arizona Constitution. Exercising jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 19–122.C, we affirmed the superior court's decision by Order of August 31, 2000, with this opinion to follow.

¶ 2 The Arizona Constitution requires that "[i]f more than one proposed amendment shall be submitted at any election, such proposed amendments shall be submitted in such a manner that the electors may vote for or against such proposed amendments separately." ARIZ. CONST. ART. XXI, § 1. In applying this constitutional requirement, "[w]e consistently have examined initiatives challenged under the single-subject rule to determine whether their provisions are sufficiently related to a common purpose or principle that the proposal can be said to 'constitute a consistent and workable whole on the general topic embraced,' that, 'logically speaking, ... should stand or fall as a whole.'" *Korte v. Bayless*, 199 Ariz. 173, 176 at ¶ 10, 16 P.3d 200, 203, at ¶ 10 (2001) (quoting *Kerby v. Luhrs*, 44 Ariz. 208, 221, 36 P.2d 549, 554 (1934)).

¶ 3 Proposition 107 contains three proposals. First, the proposition would amend Article IX, Section 12 of the Arizona Constitution, which gives to the legislature the power to levy and collect various fees and taxes, including the state income tax. Section 3 of Proposition 107 forbids the taxation of any income of an individual, corporation, partnership or other legal entity after January 1, 2005. Second, the proposition amends Article IX, Section 22 of the Arizona Constitution, which articulates the legislative process required to increase state revenues. Section 4 of Proposition 107 deems legislative acts resulting in a net increase in state revenue only preliminarily effective upon adoption by the legislature and signature of the Governor. At this point, any such act would be referred to the voters at the next general election and would become effective only if approved by a majority of voters. Third, section 5 of the proposition adds a new section to Article VII of the Arizona Constitution. Section 5 allows candidates seeking the office of President or United States Senator or Representative from this state to file a "federal income tax elimination pledge." The proposition defines the text of the pledge and requires election officials to identify on the ballot those candidates who have signed the pledge. The appellants contend the provisions of the initiative relate to the single subject of taxation and that each proposal plays an integral part in accomplishing the goal of relieving the burden of the tax system.

■ ¶ 4 To decide whether a proposed initiative complies with the single-subject rule, we apply neither an overly expansive nor a severely restrictive test. *See Korte*, 199 Ariz. at 176 ¶ 10, 16 P.3d at 203 ¶ 10. Instead, we consider objective factors, such as facial relationship, placement within a single section of the constitution, qualitative similarity, historical treatment, and the reaction of reasonable voters, that help us determine whether the various provisions of a proposal further a common purpose or objective. *Id.* ¶ 11.

¶ 5 The appellees argue that section 4 alone violates the single-subject requirement because it applies to any net increase in state revenues, and encompasses not only state

income taxes but also all taxes and fees set by the legislature. As a result, if section 4 were adopted, the legislature could not increase any of the numerous license fees now set by the legislature,[1] without approval from the public. The appellees argue that the term "single-subject" cannot be so broad as to include both provisions that eliminate the state income tax and provisions that affect license fees completely unrelated to the income tax. The appellants, however, assert that the subjects of taxes and fees constitute a single subject because a single section of the Arizona Constitution, added by Proposition 108 in 1992, addresses both topics. *See* ARIZ. CONST. art. XI, § 22.

■ ¶ 6 We need not decide, however, whether an initiative that affects both taxes and fees would comply with the single-subject requirement, for section 5 is so distinct from either section 3 or section 4 and from appellants' proposed common purpose that the proposition cannot be said to "constitute a consistent and workable whole on the general topic embraced." *Korte,* 199 Ariz. at 176 ¶ 10, 16 P.3d at 203 ¶ 10. Requiring ballots to disclose whether candidates for federal office have signed a pledge to eliminate federal income taxes is unrelated either to eliminating the state income tax or to requiring public approval of proposals to increase state revenues. Neither logic nor reason suggests that section 5 should stand or fall as a whole with sections 3 and 4. *See id.*

■ ¶ 7 The appellants also argue that, if the various proposals included in Proposition 107 cannot be combined, this court should somehow sever sections 3, 4, and 5, and allow each to appear on the ballot as a separate initiative. The Arizona Constitution, however, gives us no authority to adopt such an extraordinary measure. The Constitution describes how initiative petitions must be circulated and processed. *See* ARIZ. CONST. art. IV, pt. 1, § 1. No single provision of Proposition 107 complied with those express constitutional requirements, and we cannot overlook that failure.

¶ 8 We hold, therefore, that Proposition 107 violates the single-subject requirement of Article XXI of the Arizona Constitution and affirm the decision of the superior court.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, and FREDERICK J. MARTONE, Justice.

---

1. *See, e.g.,* ARIZ.REV STAT. (A.R.S.) § 28–3002 (2000)(setting driver's license fees); A.R.S. § 32–328 (2000)(setting barber license application and license fees); A.R.S. § 32–2132 (2000)(setting real estate broker examination and license fees).